R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lickerish, Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LICKERISH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> HEARST MAGAZINE MEDIA, INC., <br><br> Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

The plaintiff Lickerish, Ltd. ("Plaintiff"), by its undersigned attorneys, Rath,

Young and Pignatelli, P.C., for its complaint against defendant Hearst Magazine

Media, Inc. ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C.

§§ 106(1), 501 and willful violation of §1202 of the Digital Millennium Copyright Act.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be

established at trial.

**PARTIES**

3.      Plaintiff is a limited company organized under the law of England with a principal place of business at Suite 16, Lighterman House, Wharfdale Road, London N19RY, England.

4.      Upon information and belief, Defendant is a corporation registered in the Commonwealth as a foreign business corporation organized under the laws of Delaware with a principal place of business at 300 West 57th Street, New York, New York 10019.

**JURISDICTION AND VENUE**

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in the Commonwealth and this judicial district.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A.      **Plaintiff's Business**

8.      Plaintiff is a high-quality photographic syndication company that works to together with photographs to provide images to various media companies.  Through its extensive library of pictures of celebrities and models taken by internationally renowned

photographers, Plaintiff has developed a large worldwide clientele and licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

9.      Andrea Carter-Bowman is also a renowned professional fashion and celebrity photographer.  Her celebrated work has been published work in *Vogue, ELLE,* and *Maire Clair* has been licensed by Disney, Loreal, and others.

10.     Ms. Carter-Bowman is the sole creator of a series of photographic images of the celebrity Charlotte "Lottie" Moss, including the image referenced as ACB_lottie_15-10-11_0199_1CROP.  The photographic image titled ACB_lottie_15-10-11_0199_1CROP is an original work of authorship.  Ms. Carter-Bowman is the sole owner of the copyrights in and to the photographic image referenced as ACB_lottie_15-10-11_0199_1CROP.

11.     Plaintiff is the exclusive licensee of the photographic image titled ACB_lottie_15-10-11_0199_1CROP and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image referenced as ACB_lottie_15-10-11_0199_1CROP.

12.     On November 22, 2011, on behalf of Ms. Carter-Bowman, Plaintiff obtained a registration with the United States Copyright Office for the photographic image of Lottie Moss referenced as ACB_lottie_15-10-11_0199_1CROP, Registration Number VA 1-798-041.

13.     Attached hereto as Exhibit A is a copy of the photographic image referenced as ACB_lottie_15-10-11_0199_1CROP (hereinafter the "Copyrighted Work").  The Copyrighted work typically include copyright management information to indicate the owner of the work.

14.     A copy of the registration VA 1-798-041 from the United States Copyright
Office is attached hereto as Exhibit B.

**B.     Defendant's Unlawful Activities**

15.     Upon information and belief, Defendant owns and operates a number of
websites, including one located at the URL http://www.elle.com where it publishes articles
and high-quality photographic images to lure internet and profit from advertising revenue that
grows as its viewership grows.

16.     Plaintiff discovered Defendant using, without authorization, Plaintiff's
exclusive copyright in the copyrighted work.  Plaintiff has discovered the Copyrighted Work
being reproduced, distributed, and publicly displayed at the websites located at the following
URLs (the "Infringing Websites"):

- https://hips.hearstapps.com/ell.h-
  cdn.co/assets/cm/15/11/640x426/5502769fdeefb_-_elle-36-kate-moss-turns-40-
  ix5eep-h.jpg

- http://www.elle.com/fashion/g5663/kate-moss-40th-birthday/

17.     Screenshots from the Infringing Websites are attached hereto as Exhibit C.

18.     Upon information and belief, the Infringing Websites are operated by
Defendant.

19.     Upon information and belief, Defendant is responsible for the unlawful
reproduction, distribution, and public display of the Copyrighted Work at the Infringing
Websites.

20.     Having discovered one instance of infringement after the other, it is apparent
to Plaintiff that Defendant's infringement of Plaintiff's copyright is not innocuous nor

accidental but the result of a business model built on serial infringement. In its frenzy to generate interests in its websites among consumers, Defendant takes high quality photographic content belonging to others, such as that belonging to Plaintiff, without attempting to obtain authorization because, upon information and belief, it makes more business sense to Defendant to seek authorization only in the event it is caught in the act of infringement. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are thus knowing and willful and in reckless disregard of Plaintiff's rights and should not be rewarded.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

21.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

22.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

23.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

24.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to Defendant's use of the Copyrighted Work at the Infringing Websites.

25.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

26.     Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and Defendant has profited at the expense of Plaintiff.

27.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

28.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

29.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

32.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

33.     As an alternative theory to its direct infringement claim, in the event defendant contends the infringing conduct described above is done by another, defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

34.     By its actions, as alleged above, Defendants' foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

35.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendant has profited at the expense of Plaintiff.

36.     As a direct and proximate result of Defendants' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover their actual damages resulting from Defendants' use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

37.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

38.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

39.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

40.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**THIRD CLAIM FOR RELIEF**
**(Vicarious Copyright Infringement)**

41.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

42.     As an alternative theory to its infringement claims above, to the extent the Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

43.     As a result of Defendants' right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

44.     Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Defendant benefitted from that direct infringement.

45.     As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover their actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

46.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

47.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of the Copyrighted Work, or such

other amounts as may be proper under 17 U.S.C. § 504(c).

48.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant

to 17 U.S.C. § 505.

49.    Defendants' conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no

adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**FOURTH CLAIM FOR RELIEF**
**(Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)**

50.    Plaintiff realleges the above paragraphs and incorporates them by reference as

if fully set forth herein.


51.    The Copyrighted Work included digital copyright management information in

its metadata.

52.    Upon information and belief, Defendant removed and/or altered copyright

management information knowing or having reasonable grounds to know that such actions

would conceal its infringement of Plaintiff's copyright.

53.    Upon information and belief, Defendant reproduced, distributed and publicly

displayed the Copyrighted Work with altered or removed copyright management information

in order to facilitate or conceal the infringement of Plaintiff's copyrights.

54.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

55.     By reason of the violations of the Digital Millennium Copyright Act committed by Defendant, Plaintiff has sustained and will continue to sustain substantial injuries.

56.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

57.     At its election, and in lieu of Defendants' profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

58.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyright under the copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

10.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13.     For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  March 22, 2019

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lickerish Ltd.*